# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

<u>**LETTER OPINION**</u>

March 15, 2011

Ms. Judith H. Germano
Office of the US Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
    (*Attorney for Plaintiff*)

Mr. Mark Gary Hough
66 Linwood Drive
Potters Green
Coventry, CV2 2PR
United Kingdom
    (*Pro Se Defendant*)

    **RE:**    <u>United States v. Hough, Case No. 2:02-CR-649 (WJM)</u>

Dear Litigants:

    This matter comes before the Court on Defendant Mark Gary Hough's motion for reconsideration of the Court's December 16, 2010 Order denying Defendant's motion to withdraw his guilty plea. After further review of the papers and exhibits in this matter, Plaintiff's motion for reconsideration is **DENIED** for the reasons set forth below.

**I.    BACKGROUND**

    On or about May 11, 1998, Defendant Mark Gary Hough, who is not a United States citizen, was deported from the United States after having been convicted of a crime in Nevada. After his deportation to the United Kingdom, he attempted to return to the

United States in July 2002 with his wife and children.  Upon entering Newark airport from the UK, he was taken into custody and charged with illegal reentry in violation of 8 U.S.C. § 1326.  On November 26, 2002, Mr. Hough entered into a plea agreement and pleaded guilty to the reduced charge of making false statements to the government in violation 18 U.S.C. § 1001.  This charge arose from a false statement made on the signed I-94 Form that he filled out upon entry, which included a statement that he had never been excluded, deported, or previously removed from the United States.

On February 5, 2003, Defendant was sentenced to time served and, among other things, was ordered to cooperate with INS. (Docket No. 25).  Defendant was then deported.  On March 3, 2003, he appealed his conviction.  (Docket No. 27.)  His appeal was denied on July 1, 2004.  (Docket No. 35.)  On July 24, 2004, Defendant filed a *pro se* letter, that was treated as a motion to withdraw his guilty plea, alleging ineffective assistance of counsel. (Docket No. 36.)  Judge Greenaway denied that motion on April 13, 2005.  (Docket No. 39.)  On May 18, 2010, Mr. Hough once again filed a motion to withdraw his guilty plea, again based on ineffective assistance of counsel, and additionally based on malicious prosecution.  (Docket No. 40.)  The government filed a response on August 13, 2010.  (Docket No. 41.)  This Court denied Defendant's second motion to withdraw his guilty plea on December 16, 2010.  (Docket Nos. 43, 44.)  In the instant motion, Defendant now moves for reconsideration of the Court's Letter Opinion and Order, and requests that the Court's decision be reversed.

## II. STANDARD OF REVIEW

Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for this District expressly provide for a "motion to reconsider" a dispositive ruling.  However, the Supreme Court, in *dicta*, has recognized that such motions may be used in criminal proceedings.  *See United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam) (noting "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors").  To review the motion at hand, the Court will apply the standard of review provided in the Local Civil Rules for motions for reconsideration in civil actions.

Local Civil Rule 7.1(I) states that a motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly.  *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp.

513, 516 (D.N.J. 1999). A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument." (citing *Bermingham v. Sony Corp.*, 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), *aff'd*, 37 F. 3d 1485 (3d Cir. 1994))). It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### III. DISCUSSION

Defendant Hough has not pointed to an intervening change of law, and has not provided new evidence. Instead, his arguments hinge on reconsideration being necessary to correct a clear error of law or fact to prevent manifest injustice. He alleges that the Court: (1) misapplied Supreme Court precedent, *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010); (2) erred in finding that the Government would be prejudiced if Defendant's guilty plea was withdrawn; (3) erred in considering the Government's opposition, as Defendant alleges it was untimely; and (4) erred in not finding that Defendant's counsel breached the plea agreement by failing to help Defendant with his immigration issues.

####   A.   Limits of Rule 11

First and foremost, the arguments raised by Defendant on his motion for reconsideration do not go to the overriding reason why his motion to withdraw his guilty plea must be denied. Under Federal Rule of Criminal Procedure 11(e), after the court imposes sentence, the defendant "may not withdraw a plea of guilty...and the plea may be set aside only on direct appeal or collateral attack." Therefore, since Defendant's sentence had already been imposed eight years ago, a Rule 11 motion to withdraw the plea is no longer an option. *See United States v. D'Alfonso*, No. 10-2294. 2010 U.S. App. LEXIS 21084, at *3-*4 (3d Cir. Oct. 13, 2010) (non-precedential); *See also United States v. Garduno*, 506 F.3d 1287, 1290 (10th Cir. 2007) (deeming motion to withdraw plea after sentence untimely under Rule 11).[1] While the Court's December 16 Letter Opinion goes into the Rule 11 analysis in full, the bottom line is simply that this type of motion

---

[1] The Third Circuit in *D'Alfonso* also found that where a defendant has captioned his motion as a "motion to withdraw guilty plea," the Court may choose to construe it as such, even if, like here, it could have been construed as a second or successive § 2255 motion. *D'Alfonso*, 2010 U.S. App. LEXIS 21084, at *4-*5 (affirming the denial of a motion to withdraw a guilty plea under Rule 11 where the Court chose not to construe it as an unauthorized successive motion under § 2255).

under Rule 11 is not appropriate eight years after the fact. Defendant had the opportunity to appeal his plea and sentence, and did so on March 3, 2003. (Docket No. 27.) Additionally, after the Third Circuit denied his appeal in July 2004, he challenged his plea once again by filing a motion to withdraw his guilty plea, which the Court denied on April 13, 2005. (Docket Nos. 36, 39.) The purpose of Rule 11 is to give Defendants who have accepted a guilty plea without understanding the implications a chance to undo that decision before sentencing if they have a "fair and just reason" to do so. Fed. R. Crim. P. 11(d)(2)(B). Rule 11 is not a mechanism for Defendant to challenge his plea, eight years later, after having already challenged the plea multiple times. Therefore, as stated above, the crux of the issue here is that Defendant cannot utilize Rule 11 in the first place, and has no means to challenge his guilty plea of eight years ago at this juncture.

        B.     *Padilla v. Kentucky* Does Not Apply

Even though Defendant's arguments on reconsideration do not go to the integral failure of his motion, namely that a withdrawal of his guilty plea under Rule 11 is not an option at this point, the Court will briefly address the merits of Defendant's arguments. Defendant's main allegation is that he deserves relief based on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), where the Supreme Court held that the failure to advise a client of the immigration consequences of a guilty plea constitutes ineffective assistance of counsel in violation of the Sixth Amendment. Defendant argues that the Court erroneously found that *Padilla* does not apply retroactively, and that instead it should apply retroactively to his plea back in 2002. However, even if this Court were to reconsider its ruling that *Padilla* does not apply retroactively, this would be immaterial as *Padilla* would not afford Defendant relief even if applied in his case.

Here, unlike in the situations contemplated by *Padilla*, Defendant was fully aware that he had been deported in 1998 due to his conviction in an earlier state court case. Just four years after losing his permanent lawful resident status and being deported due to his conviction in Nevada, he attempted to enter the United States with his family. (Letter Op. at 1-2.) Knowing full well that he had been deported in 1998, he took a flight to the United States. Upon entry, he turned in an I-94 Form which, regardless of whether he or his wife filled it out, he signed. This form stated that he had never been excluded, deported or previously removed from the United States. (Letter Op. at 2.) Defendant cannot claim to be surprised at being deported after pleading guilty to this false statement, as he had already been deported in 1998 after his conviction in Nevada. During this 2002 trip he was never granted legal access to this country, therefore he knew or should have known that he did not have the right to remain in this country and would be deported again once he was convicted. Therefore, this is not analogous to the circumstances contemplated by the Supreme Court in *Padilla*, whereby a legal resident faces deportation

for pleading guilty to a crime and was never aware that this was a likely consequence. *See* 130 S. Ct. at 1477 (lawful permanent resident pleaded guilty only after being assured by counsel that he "did not have to worry about immigration status since he had been in the country so long"). Since *Padilla* does not apply here as Defendant was aware of his lack of legal status in this country, Defendant's arguments on reconsideration regarding its retroactivity are immaterial.

      C.      Defendant's Other Arguments Lack Merit

Finally, Defendant's other arguments on reconsideration likewise lack merit. First, Defendant makes arguments regarding the timeliness of the Government's opposition to his motion to withdraw his guilty plea. (Def.'s Mt. to Reconsider Br. at 1-2.) However, this argument has no merit as (1) the government is not required to file an opposition (Defendant seems to be confusing an opposition with, say, an answer to a complaint), and (2) the timing of the Government's opposition is irrelevant since it does not change the Court's application of relevant legal standards. Second, Defendant's argument that he too would be prejudiced by a trial eight years after the incident is meritless, since this does not negate the Court's finding of prejudice to the government in having to try such a case. The government has the burden to prove the case at trial, not the Defendant, and therefore a trial almost a decade later would certainly prejudice the Government. (Letter Op. at 4.) Finally, Defendant's argument that his former counsel breached his plea agreement by failing to assist him with his immigration problems has no basis. Since there is no allegation that any particular immigration status was promised by the government in the plea agreement, Defendant's argument that his attorney broke her promise to help him gain immigration status in this country does not constitute a breach of the plea agreement between the Defendant and the government.

**IV.**    **CONCLUSION**

For the foregoing reasons, the motion for reconsideration filed by Defendant, Mark Gary Hough, is **DENIED**. An Order follows this Letter Opinion.

                                                              s/ William J. Martini
                                                             **WILLIAM J. MARTINI, U.S.D.J.**